386 A.2d 577

Jeffrey E. CARL, a minor, by his parents and natural guardians, John R. Carl and Beryl E. Carl, and John R. Carl and Beryl E. Carl in their own right, and Michael W. Rhode, a minor, by his parent and natural guardian, Patricia K. Rhode and Patricia K. Rhode, in her own right, Appellants,

v.

Daniel A. KURTZ and Kenneth R. Kurtz, Defendants,

and

Jeffrey E. Carl, Defendant.

Superior Court of Pennsylvania.

Argued March 21, 1977.

Decided April 28, 1978.

200

Edward F. Silva, Philadelphia, for appellants, at No. 37, and appellees, at No. 91.

David M. Kozloff, Eves & Kozloff, Wyomissing, for defendants, Kurtz.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On April 11, 1972, at approximately 9:30 P.M., appellants Jeffrey E. Carl and Michael W. Rhode were traveling on a motorcycle north on White Oak Street in Kutztown, Pennsylvania. Carl was operating the cycle, Rhode was a passenger. At the intersection of White Oak and Main Streets, appellants' motorcycle collided with a Volkswagon driven by Daniel A. Kurtz, traveling south on White Oak Street, when Kurtz attempted to make a left-hand turn. The intersection was controlled by a traffic light which was green at the time of the accident for traffic on White Oak Street.

Both vehicles were damaged in the accident, and appellants suffered personal injuries as a result of being thrown from the motorcycle. They filed claims for personal injuries against Daniel Kurtz, the driver of the Volkswagon, and against Kenneth Kurtz, the brother of Daniel Kurtz and the owner of the automobile. Additionally, Carl asked for property damages for his motorcycle. Kenneth Kurtz asserted a claim against Carl for the damages to his auto, and Daniel and Kenneth Kurtz joined Carl as additional defendant on Rhode's claim.

The lower court directed a verdict in favor of Kenneth Kurtz, the owner of the Volkswagon, deciding as a matter of law that no agency relationship existed between him and Daniel Kurtz, the driver. The jury verdict was against Carl, the cyclist, holding him liable for both the personal injuries to Rhode, his passenger, and the property damage of Kenneth Kurtz. Carl and Rhode filed motions for a new trial and the case was argued before the court en banc. Following the denial of this motion, Messrs. Carl and Rhode appealed.

This court's role on appeals from the denial by trial court of a motion for a new trial is clear. The decision of the trial court on this point will be reversed only for a clear abuse of discretion or for misapplication or misconception of the law. *Smalich v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970); *Kralik v. Cromwell,* 435 Pa. 613, 258 A.2d 654 (1969);

*Austin v. Harnish,* 227 Pa.Super. 199, 323 A.2d 871 (1974). An abuse of discretion is found where the trial judge permits a verdict to stand, though it is so contrary to the evidence as to shock one's sense of justice. *Brown v. McLean Trucking Co.,* 434 Pa. 427, 256 A.2d 606 (1969).

Appellants bring three issues to this court for resolution. The issues which appellants ask us to consider are: 1) Whether the verdict was against the weight of the evidence; 2) Whether the verdict was against the law; and 3) Whether the trial court erred by allowing the jury to consider circumstantial evidence to determine excessive speed. We have read and given due consideration to all of appellant's arguments, but we find no merit in them. Therefore, we hereby affirm the judgment of the lower court.

A close reading of the record of testimony reveals a prominent obstacle to appellant's case for reversal. When appellee took the stand in his own behalf, he testified that he spoke to Michael Rhode immediately following the accident. Without any objection from appellants, appellee was permitted to relate a statement allegedly made by Rhode at that time. To quote directly from the record, Kurtz testified as follows:

Attorney Kozloff -"Q. Did you talk to Mr. Rhode after the accident?

Kurtz A. Yes, I did.

Q. And where was he when you talked to him?

A. He was sitting on the curb.

\*     \*     \*     \*     \*     \*

Q. How long after the accident did you have this discussion with him?

A. Oh, maybe 10, 15 minutes, I guess.

Q. What did he say to you?

A. He said I shouldn't worry about it, it was their fault.

(N.T. at 62a)

Because Rhode's alleged statement was admitted without objection, it enters into evidence as an admission of

a party opponent. A comparable situation can be found in *Beardsley v. Weaver,* 402 Pa. 130, 166 A.2d 529 (1961). In that case the passenger of an automobile sued the driver for injuries the former sustained. The Supreme Court was asked to rule on the admissibility of a statement given by plaintiff to defendant's insurance carrier. In the statement, plaintiff stated that the roughness of the railroad tracks caused the accident and, furthermore, that she knew of the condition but did not warn defendant. The court ruled,

"The writing was admissible as a declaration against interest and as an admission on plaintiff's part that the act of another, rather than the defendant, was the causative negligence of the accident. It was substantive evidence in itself." 402 Pa. at 132, 166 A.2d at 530.

Using the same reasoning as found in *Beardsley,* Rhode's statement undermines his case against Kurtz.

Had Carl objected to the introduction of Rhode's alleged statement, we might be confronted with the questions of whether Carl can be bound by Rhode's remark. However that issue is not before this court because Carl neglected to protest the introduction of Kurtz's testimony on this point. It is well established that a claim is not properly preserved for appeal where objection was not raised at trial. *Benson v. Penn Central Transp. Co.,* 463 Pa. 37, 342 A.2d 393 (1975); *Zeman v. Borough of Canonsburg,* 423 Pa. 450, 223 A.2d 728 (1966); *Kuchinic v. McCrory,* 422 Pa. 620, 222 A.2d 897 (1966). Basic and fundamental error cannot be recognized as a ground on appeal unless a specific objection was raised by counsel at trial. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Furthermore, when evidence is admitted without objection, even though it may in fact be "incompetent," it may be used by the factfinder for whatever probative value it may have.[1] As it stands, the

1. "(A) failure to make a sufficient objection to evidence which is incompetent waives any ground of complaint as to the admission of the evidence. But it has another effect, equally important. If the evidence is received without objection, it becomes part of the evidence in the case, and is usable as proof to the extent of the rational persuasive power it may have. The fact that it was inadmissible

alleged statement of Rhode may have been used by the jury to determine Carl's negligence, for the record discloses, the jury verdict found that Carl alone was negligent, and that Kurtz was not responsible for the accident.[2] It appears that the jury credited the testimony given by Kurtz. We see no reason to disturb the verdict for the reasons advanced by appellants.

The third and final issue raised by appellants concerns circumstantial evidence. Appellants argue that the trial court erred in allowing the jury to consider circumstantial evidence to determine excessive speed.

The thrust of appellants' argument is that they offered direct testimony on the issue of speed which, if accepted, would prove that they were operating their motorcycle within the speed limit. Appellants' evidence consisted of an estimate of speed made by Rhode, the passenger. Included in appellee's case were the physical appearance and position of the vehicles after the collision, the weight of the vehicles, and the distance appellants were found in relation to their vehicle. Appellants claim that appellee's evidence rebuts neither the direct testimony of Rhode, in which he said that Carl was traveling at about 20 miles per hour, nor the presumption of due care afforded Carl because of his amnesia concerning the circumstances of the accident. We disagree with appellants' argument. Pennsylvania courts have long permitted the use of circumstantial evidence on this point, *Moquin v. Mervine,* 297 Pa. 79, 83–84, 146 A. 443 (1929); *Katz v. Montague,* 181 Pa.Super. 476, 479, 124 A.2d 506 (1956); *Fitzpatrick v. Pralon Cleaners & Dyers,* 129 Pa.Super. 437, 441, 195 A. 644 (1937); and will generally uphold a finding of negligence based on such evidence. Appellants imply that appellee could not rebut appellants' evidence with circumstantial evidence, since appellants had

does not prevent its use as proof so far as it has probative value." McCormick, Evidence 125 (2d ed. 1972).

**2.** The trial judge molded the verdict so that it would read in favor of the Kurtz brothers as against the claim of Carl and in favor of Rhode, holding Carl responsible for his passenger's injuries.

introduced the direct testimony of a witness concerning the issue of speed. This is incorrect. The factfinder is not bound to accept the testimony of a witness, even where that witness' testimony stands uncontradicted. *Cooper v. Columbia Gas of Pennsylvania, Inc.,* 433 Pa. 179, 248 A.2d 852 (1969); *Rogers v. Hammett,* 229 Pa.Super. 6, 323 A.2d 394 (1974). Credibility of oral testimony is peculiarly for the jury to determine. *Cooper v. Columbia Gas of Pennsylvania, Inc.,* supra. It being the jury's prerogative to disbelieve a witness' testimony, merely because appellants were the only ones to offer a witness' direct statement concerning speed does not mean that the jury is bound to find for appellants.

Furthermore, evidence indicated that Kurtz's view looking south on White Oak Street was unobstructed for a distance of 200 feet, at which point the road curved, yet Kurtz said that he did not see Carl's motorcycle until just before the accident. Granted, case law says that "[A]n operator of a vehicle cannot be said to have looked when he has failed to see what the physical facts declare he should have seen had he in fact looked." *Hoover v. Sackett,* 221 Pa.Super. 447, 451, 292 A.2d 461, 463 (1972), but if, as appellee claims, Carl's motorcycle was traveling at an excessive rate of speed without the headlight illuminated, then the motorcycle could possibly have come upon appellee before he had an opportunity to effectively react.

A disinterested witness, Ricky Geisinger, testified that he was sitting in a car that was stopped for a red light on Main Street, at its intersection with White Oak Street. He said that he looked to the south down White Oak Street about four seconds before the accident but that he did not see Carl's motorcycle. Other evidence indicated that the period of time between Geisinger's observation and the occurrence of the accident may even have been as short as two seconds. Additionally, the testimony of two other witnesses who were sitting in the same car with Geisinger, buttressed the latter's testimony. None of the witnesses said they saw the motorcycle until the moment before the collision. Based on this testimony, along with the physical evidence previously men-

tioned, the jury could have concluded that appellants were traveling at an excessive rate of speed, perhaps without having their headlight lit, and that, as a result, Kurtz did not have an opportunity to yield the right of way to Carl. In this situation, we do not find that the circumstantial evidence of speed was so weak or inconclusive as to make a conclusion of negligence necessarily speculative. We therefore affirm the judgment of the lower court.

Verdict and judgment affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.