430 A.2d 1001

**Emily SWARTLEY and Robert Swartley, her husband,**

**v.**

**TREDYFFRIN EASTTOWN SCHOOL DISTRICT, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed June 5, 1981.

Joseph W. Kauffman, Media, for appellant.

Stephen Margolin, Philadelphia, for appellees.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal by the Tredyffrin Easttown School District from a personal injury judgment against it for Fifty Thousand ($50,000) Dollars. The appellant contends that evidence was improperly admitted and the jury incorrectly instructed. We find no basis for either contention and affirm the judgment of the Trial Court.

The circumstances of the injury to Emily Swartley are not in dispute. On September 11, 1975, at about 11:30 a. m., she went to the Devon Elementary School in the Tredyffrin Easttown School District in Devon, Pennsylvania, to pick up her five-year old son, Christopher. The child had been enrolled for one week and this was Mrs. Swartley's third trip to the school. All parents coming for their children were directed to wait inside a vestibule located just inside the main entrance to the school building. There were two classes of kindergarten students of about 25 members each

which converged into the lobby at approximately the same dismissal time. There were approximately the same number of adults on hand to pick them up. When the children were dismissed, they walked in a line from their class rooms to the lobby where they were seated with their backs against the wall facing their parents in the vestibule. There they waited for their parents to come in and pick them up.

The vestibule in which the parents waited was approximately 12 feet deep and 16 feet wide. The lobby was somewhat larger, approximately 25 feet wide and 30 feet deep. The vestibule was enclosed by three doors separating it from the outdoors, and by another three doors separating the vestibule from the inner lobby. The three inner doors were glass paneled and wooden framed, each hinged on the right hand side.

Mrs. Swartley entered the vestibule at approximately 11:35 a. m. She moved well to the front of the vestibule and stood in close proximity to the middle door facing the lobby where the children would be assembled. Within a few minutes the vestibule was filled with parents standing shoulder to shoulder and with considerable jostling and hassling.

At about 11:40 a. m., a man dressed in a brown uniform and carrying several packages entered the vestibule from the street and worked his way through the crowd to one of the inner doors, and moved through the door into the lobby carrying his packages. In the process of working his way through the crowd, one of his packages jostled Mrs. Swartley, causing her to lose her balance. In order to prevent herself from falling, she reached out with her left hand and grabbed at the middle door for support. Unfortunately, her hand came to rest in the door jamb just as the door was closing, injuring the top portion of the fifth finger on her left hand.

At the time of the accident, Mrs. Swartley was employed at West Chester State College as an instructor of the flute. She had spent four years in study at the Eastman School of Music in Rochester and graduated with a Bachelor of Music Degree in flute performance. Later she obtained a Master

of Music degree from Temple University, also in flute performance. She had taken preliminary steps to continue her studies at the Julliard School of Music. She was an established talent among professional musicians and had performed many concerts with recognized orchestras. Her ultimate goal was to obtain employment as a flutist with a recognized symphony orchestra. Evidence was offered by a cellist with the Philadelphia Symphony Orchestra that Mrs. Swartley was qualified in skills at the time of her accident to play second chair flute with any orchestra. The base pay for that position was then $26,500.

As a result of the accident, Mrs. Swartley suffered a fracture of one of the joints in the little finger of her left hand, described by her doctor as a fracture of the distal phalynx. She retained a good to normal use of her left hand for most purposes, but after the accident she could not stabilize the fingers of that hand rapidly enough to operate a flute satisfactorily. There was a weakness in spreading the little finger to the side as well as in bringing it against the ring finger.

Subsequent to her injury, Mrs. Swartley visited five medical specialists and underwent an operation in an effort to regain her mobility in her hand, which was a pre-requisite to her skill as a flutist. The evidence was to the effect that, despite her efforts, she would never again be able to play the flute with the skill that she had attained before the accident. Her teaching position at West Chester State College was in jeopardy because of her inability to properly demonstrate flute techniques to her students. She was eligible for tenure after the accident but was passed over.

The Swartley Complaint charged the school district with negligence on several grounds: (1) that it had improperly maintained the school premises; (2) that its system for returning students to their parents was faulty in the overcrowding and jostling that resulted; and (3) that this particular accident had been caused by an employee of the school district or by a workman bringing supplies into the school building at the request of the school authorities.

The jury returned a verdict for both Mr. and Mrs. Swartley, awarding Mrs. Swartley $50,000 and her husband nothing. The school district's Motion for a New Trial was denied and Judgment was entered on the verdict for Mrs. Swartley, from which the school district appeals.

The school district contends that three errors were committed at the trial: (1) that the jury should not have been permitted to consider whether the man who jostled Mrs. Swartley was an employee of the school district or an independent contractor bringing supplies into the school; (2) that Mrs. Swartley should not have been permitted to testify that the day after the accident she returned to the school and noted that the dismissal procedure had been changed so that pupils were brought to the street while their parents waited for them in their cars; and (3) that the jury should not have been allowed to award damages based upon evidence of a loss of future earning capability, because no evidence was offered to show what Mrs. Swartley could earn in her impaired condition.

■ The evidence as to the identity of the man who jostled Mrs. Swartley was the fact that he was in a working type of uniform, that he was carrying bundles into the school, that his uniform was similar to one worn by a man observed the day before carrying a ladder into the school. It was received without objection. Appellant's counsel made a general objection when that line of testimony was concluded, by asking Mrs. Swartley if the individual who bumped her was employed by the school. The Court interjected with the caveat, "if you know", and the witness responded, "I can't say that". The objection was not pursued and no other objection was made to this line of questioning, nor did counsel for appellant make a Motion to Strike the preceding testimony concerning the appearance and apparent business of the man. The admissibility of this testimony cannot be reviewed on appeal when no objection was raised at the trial. *Carl v. Kurtz*, 255 Pa.Super. 198, 203, 386 A.2d 577 (1978).

■ The appellant requested the trial court to direct the jury that there was no evidence which would permit it to find that the man who jostled Mrs. Swartley was either an employee or an agent of the school district. The request was denied and the court submitted that issue to the jury for its determination. We find that the request was properly denied. Mrs. Swartley testified that the man who had jostled her was wearing "working clothes" or a "uniform of a type", and was carrying boxes into the school. She also testified that she had seen similarly dressed men carrying tools and a ladder into the school when she was there slightly over a week prior to the date of the accident. Under the circumstances, the lower court properly submitted the issue to the jury.

■ Even without identifying the man who jostled Mrs. Swartley as an employee or agent of the school district, the jury could well have rested its finding of negligence on the failure of the school district to correct or better supervise the overcrowded condition prevailing in the vestibule. The fact that the appellees tried their case on the theory that Mrs. Swartley was jostled by a person for whose actions the school district was responsible does not prevent a recovery based on negligence in handling the crowd in the vestibule, both claims being pleaded in the Complaint. *Curry Coal Co. v. M. C. Arnoni Co.*, 439 Pa. 114, 124, 266 A.2d 678 (1970).

■ The appellant's second contention is that the Court erred in allowing Mrs. Swartley to testify on redirect examination that on the day following the accident the parents were directed to wait in their cars until their children were brought to them by one of the school staff. The appellant contends that this evidence of a post-accident change in the system was inadmissible.

On redirect examination, Mrs. Swartley was asked "did you have occasion to pick your son up after the accident?" The question was objected to by appellant's counsel as "beyond the scope (of redirect examination) and immaterial." The objection was overruled and Mrs. Swartley re-

sponded, "Yes, I picked him up the next day and they changed their procedure and they brought the children out to the cars and if I had never gone there that day I wouldn't have had my finger broke. Immediately they changed procedures. We weren't allowed out of the car and were told to wait until they brought the children and one by one they drove away with them." Appellant's counsel made no objection to the answer, nor did he move to strike it or ask for a mistrial.

Appellant explains that his failure to object was due to the fact that Mrs. Swartley was sobbing at the time and that any intervention by appellant's counsel during those emotional moments would have simply highlighted the testimony. Appellant's counsel could have made whatever motion he considered appropriate at side bar, out of hearing of the jury. Accepting his decision to make no motion as a tactical one calculated not to highlight an emotional moment, he cannot idly sit by, take his chances with the jury, and make his complaint for the first time on appeal. The school district has waived the right to challenge the testimony on appeal. *Carl v. Kurtz*, 255 Pa.Super. at 203.

Finally, the appellant claims that it was error to permit the jury to consider testimony and award damages based on a loss of future earning capability when no evidence was offered to show what Mrs. Swartley could earn in her impaired condition.

The testimony on this issue was likewise received without objection. It supported the contention that Mrs. Swartley was a teacher of flute and a performing artist of recognized skill. She testified that she was working toward a career as a performing artist with a symphony orchestra. A member of the Philadelphia Symphony Orchestra testified that prior to her injury she already had the skills requisite to performing satisfactorily as a second chair flutist with any symphony in the world. The same witness testified that such a position with the Philadelphia Symphony currently paid a base salary of $26,500. Mrs. Swartley testified that the injury to her left hand had made her ineffective as a teacher

because she could no longer demonstrate satisfactorily the techniques of playing the flute, and that as a result she had been passed over for tenure by West Chester State College, where she was employed. She doubted that she would be able to continue holding her position at the college. The testimony presented in her behalf lent support to her contention that her injury had deprived her of both her teaching and her performing careers. Being received without objection, it was appropriate for consideration and evaluation by the jury.

■ Appellant noted the following exception to the charge to the jury on this subject:

Your Honor, I would again except to the Court's refusal to define future loss or impaired earnings. It strikes me the law is clear that the loss or impairment of earning capacity is a difference between what a plaintiff is capable of earning prior to an accident and with no testimony concerning that and the difference between what the Plaintiff is able to earn after the accident. And we have had no testimony at all concerning that. To leave it to the Jury under the present circumstances is pure speculation.

The exception appears to raise two issues: (1) the lack of a definition of future loss or impaired earnings, and (2) the failure of Mrs. Swartley to offer evidence in diminution of her damage claim by the amount of her remaining but impaired earning ability.

We find the charge of the Trial Court to have been quite adequate in defining lost earning power and its diminution by residual earning power. For example, the Court charged the Jury in part:

If Mrs. Swartley is entitled to a verdict and you determine that her future earning power has been diminished, it is your problem . . . to determine the amount of future lost earning power. What has that earning power been diminished by? And you may indeed consider all of the circumstances including what she may earn elsewhere and . . . establish the extent of the lost earning power. How much would she have earned over what period of time, reduced

by what she may earn otherwise as you find from all of the circumstances as you are able to determine. And then compensate her in that regard after reducing the figure to present worth.

Elsewhere in his charge, the trial Judge adequately described how lost or diminished earnings are reduced to present worth. No objection has been taken to that part of the charge.

■ It appears to be the nub of the appellant's contention that the jury was given no evidence concerning Mrs. Swartley's residual earning power after the accident. Mrs. Swartley offered no such evidence because it was her contention that both her teaching career and her performing career had been destroyed. Certainly she was entitled to make that contention. The school district offered no evidence to rebut that assumption or to establish what career opportunities, if any, were still available to Mrs. Swartley in her impaired condition.

■ The jury's $50,000 verdict was a reasonable response to the evidence before it. Mrs. Swartley was 35 years of age, and her testimony supported an evaluation of her potential earning capability at $26,500 a year. The disparity between the calculation of lost earnings on the basis of these figures and the amount of the award would appear to adequately make allowance for any earning power remaining in Mrs. Swartley after the accident.

Affirmed.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. The appellee, as the plaintiff below, assumed the burden of proving by a preponderance of the credible evidence that the appellant School District was negligent, and that that negligence was the proximate cause or a substantial factor in producing the injury she sustained. In my opinion she failed to meet this burden of proof. The case should not have been submitted to the jury. I would grant Judgment N.O.V.