455 A.2d 164

## COMMONWEALTH of Pennsylvania

v.

## Charles R. GREINER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 23, 1981.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied June 1, 1983.

Clayton R. Wilcox, Assistant Public Defender, Gettysburg, for appellant.

Gary Hartman, District Attorney, Gettysburg, for Commonwealth, appellee.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

This is an appeal from a judgment of sentence for possession of marijuana[1] and criminal conspiracy.[2] The dispositive issue before us is whether a new trial is required when a juror does not hear some testimony due to his being hard of hearing. The trial court held, inter alia, that since the problem was detected and efforts were made to cure it during the trial, a new trial was not necessary. We disagree and find that constitutional fair trial considerations mandate a reversal.

1. 35 P.S. § 780–113(a)(30).

2. 18 Pa.C.S.A. § 903.

Appellant raises six issues on appeal. (1) Did the trial court err in granting the Commonwealth's request for an extension of time to try appellant under the provision of Rule 1100? (2) Did the trial court err in not quashing the information for failure of the Commonwealth to establish a prima facie case at appellant's preliminary hearing? (3) Did the trial court err in refusing appellant's motion for mistrial and overruling its objections to repeating testimony missed by a juror when the juror indicated that he had not heard a substantial portion of the testimony of the Commonwealth's chief witness? (4) Did the lower court err in refusing to suppress evidence seized from a locked automobile trunk immediately after appellant's arrest? (5) Did the lower court err in holding that there existed probable cause to arrest appellant and to search the vehicle? (6) Did the lower court err in not suppressing the contents of a bag seized from a trunk of a vehicle and searched without a warrant?

■ Issue number six was not raised in the pre-trial suppression motion and is therefore waived on appeal. *Carl v. Kurtz*, 255 Pa.Super. 198 at 203, 386 A.2d 577 at 579 (1978).

As we reverse on issue number three, it is unnecessary for us to reach issues two, four and five. The post-trial opinion of President Judge Spicer adequately addresses the Rule 1100 issue, this being issue number one.

In issue number three, appellant contends that the trial court erred in not declaring a mistrial when a juror admitted during the trial that he had not heard some testimony. The relevant facts are as follows.

The first witness in this trial by jury was Jerry Lawrence. Lawrence was, according to the prosecution, the Commonwealth's "chief witness" and an alleged coconspirator and coactor with appellant in the crimes with which he was charged. Twice during direct examination, the District Attorney asked Lawrence to raise his voice. During redirect, a juror requested that Lawrence speak louder. After

a discussion at side bar, the Court addressed the jury in part as follows: "... I want to ask you now has there been any significant portion of this witness' testimony that any of you have not been able to understand because of hearing difficulties? If so, would you raise your hand." Juror number seven responded affirmatively to the query.

The Court then denied defendant/appellant's timely motion for a mistrial and overruled his objections to the partial repetition by the prosecution of matters previously dealt with on direct.[3] Juror number seven exchanged places with another juror.[4] All the jurors were cautioned by the Court to "speak up or raise your hand" "if you have any trouble hearing from now on." No such responses occurred during the remainder of the trial.

■ In its post-trial opinion, the trial court stated that "enough testimony was presented after the situation arose" to cure the problem. The trial court also found a waiver of this issue in defendant's failure to make "further motions after the examination of the witness has concluded." We find this second holding without merit. Timely objections were made at trial and at all subsequent stages the issue was preserved for appellate review. We turn now to a treatment of the substantive issue. Did the juror's hearing difficulties invalidate the conviction?

■ The leading case in this area, in this state, and, indeed, the leading case nationally, is *Commonwealth v. Brown*, 231 Pa.Super. 431, 332 A.2d 828 (1974). The judgment of sentence was reversed in *Brown*, due to a juror's hearing difficulties, which were discovered when the jury was being polled. That juror had said that he had heard "most" of the testimony. "I heard practically everything. I think I heard everything." *Brown*, supra, 231 Pa.Super. at 434, 332 A.2d at 830. The Superior Court opinion,

---

3. The Court indicated to the jury that "we have no desire to repeat everything that has been brought out so far."

4. Presumably, he moved closer to the witness stand, though the record does not reveal this detail.

authored by Judge Price, was founded in the criminal defendant's right to an impartial jury, guaranteed by Article 1, § 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments of the United States Constitution. The standard enunciated in *Brown* governs us here: "While a juror is not disqualified per se because of his deafness, where the deafness is of such degree as to indicate that the juror may have not heard material testimony, the juror must be disqualified, rendering any verdict he gave as meaningless." *Brown,* supra, 231 Pa.Super. at 436, 332 A.2d at 831 (citations omitted). See also *State v. Berberian,* 118 R.I. 413, 374 A.2d 778 (1977).

Two points distinguish the factual context of *Brown* from that before us. First, the juror in *Brown* was somewhat equivocal with regard to his hearing difficulties and the trial court made a determination, subsequent to a colloquy with the juror, that his hearing had been deficient. On the other hand, the juror's responses in Greiner's trial evinced no such uncertainty. He acknowledged without reservation that he had not heard some testimony. This point goes, of course, to strengthen the applicability of *Brown* to the decision to be made by us here.

The other distinguishing factual situation is that in *Brown,* the failure to hear all the testimony was discovered during the polling of the jurors, while that discovery was made in Greiner's trial during the redirect of the first witness. We do not find this difference sufficient to make the rule of *Brown* inapplicable here. In order for the defendant to be denied a fair trial, it is not necessary that a juror's deafness result in his not hearing testimony throughout the entire trial. A fair trial is clearly barred when, as here, a juror's deafness results in his not hearing material testimony. This is not to say that if an isolated piece of testimony is not heard by a juror that a new trial is mandated—for such a response can be repeated by the witness or by the court reporter. Here, however, the direct, cross and portions of the redirect examinations of the

Commonwealth's chief witness had occurred before the Court was made aware of the juror's hearing problems.

The court's attempts to cure the problem—by moving the juror in question and instructing him to indicate when he couldn't hear—were in vain. At that point the damage had already been done; a fair trial had been denied Greiner.[5]

The case here is to be distinguished from *Roberts v. State*, 4 Md.App. 209, 241 A.2d 903 (1968). In *Roberts*, the high court of our sister state declined to disapprove of a trial court allowing two slightly deaf jurors to serve, while cautioning them both prior to the beginning of the trial to indicate when they experienced trouble in hearing any of the testimony. Here, the cautionary instructions occurred after testimony had been given and not heard.

We also distinguish the case *sub judice* from a long line of cases in which the competency of a juror with regard to hearing difficulties is left to the discretion of the trial court. *Holder v. State*, 556 P.2d 1049 (Okl.Cir., 1976). By forthrightly admitting that he had not heard some of the testimony, the juror in this case removed the issue from the purview of the trial court's discretion to this extent: evaluation by the court of the existence of a hearing difficulty was not possible here.

Accordingly, we reverse the judgment of sentence and remand for a new trial.

McEWEN, J., files concurring opinion.

McEWEN, Judge, concurring:

I concur in the result. While it is true the court resolved the hearing difficulty experienced by the juror while the first witness was still on the stand, it must be noted that this first witness was an alleged co-conspirator and accomplice of appellant who is acknowledged by the Commonwealth to be its "chief witness". While it is also true that

---

5. Whether the fault could have been cured by reading to that juror alone the Notes of Testimony to that point, along with the other two actions taken by the trial court, is a question not before us today.

the additional examination of this first witness enabled that juror to learn the material parts of the evidence which the Commonwealth had submitted through the testimony of that witness, that juror did not receive the benefit of the cross-examination of that witness. Indeed, one might well question whether it is ever possible to fully achieve through a reenactment the full benefit and value of cross-examination, since any witness, once exposed to the issues that are the subject of cross-examination, as well as to the manner and method of the cross-examiner, is far better prepared to endure the rigors of so immediate a repetition of the cross-examination. That factor, as well as the fact that the credibility of this witness was a basic item for the scrutiny of the jury since his testimony was directly contradictory to the testimony of defendant, compels the conclusion that, as careful as was the effort of the trial judge to enable the juror to have a complete foundation for participation in the deliberation of the jury, that objective could not here be achieved.

While I concur in this result, it must be emphasized that it is the particular facts of this case that compel this determination and that it should not be said that the trial court must declare a mistrial in every situation of this type.