J-S35020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DALE HODGES | |
| Appellant | No. 1588 WDA 2016 |

Appeal from the PCRA Order September 21, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002490-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DALE HODGES | |
| Appellant | No. 1589 WDA 2016 |

Appeal from the PCRA Order September 21, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002482-2012

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 27, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

Appellant, Dale Hodges, appeals from the order entered September 21, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9541-9546. We affirm.

In 2012, Appellant was arrested and charged with multiple sex crimes perpetrated against two minor victims. At both dockets, Appellant was charged with involuntary deviate sexual intercourse with a child ("IDSI"), aggravated indecent assault, indecent assault, corruption of minors, and endangering the welfare of a child ("EWOC").[1] The cases were consolidated for trial. During the second day of trial, jurors informed the court that they had had some difficulty hearing victim M.R.'s testimony presented during the first day of trial. **See** Notes of Testimony (N.T.), Trial, 5/19/14, at 78-79. The jurors indicated that although they had not heard all of the testimony, they heard enough to render an impartial verdict. **Id.** The trial court resumed trial without objection by the parties. **Id.** Following trial, the jury found Appellant guilty of all charged offenses. **Id.**

Appellant filed an untimely post trial motion seeking a new trial on the basis that the jurors were not able to hear all of the evidence and that he had newly discovered evidence that another individual the victims had claimed abused them was physically incapable of causing the abuse. **See** N.T., 9/29/14. Appellant presented no evidence in support of this

---

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(b), 3126(a)(7), 6301(a)(1), and 4304(a).

contention, and the court denied the motion. On September 29, 2014, Appellant was sentenced to an aggregate term of fifteen to thirty years of incarceration on both dockets, each sentence included mandatory minimum sentences.

Appellant appealed his judgment of sentence, arguing that the court had erred in denying his motion for a mistrial with regard to jurors' difficulty hearing M.R. *See Commonwealth v. Hodges*, 133 A.3d 78 (Pa. Super. 2015). This Court found that he had not preserved that issue, but *sua sponte* vacated his judgment of sentence due to the imposition of mandatory minimums. *Id.* On March 8, 2016, the court resentenced Appellant on both dockets to an aggregate of one hundred forty-seven months to three hundred eleven months.

On March 31, 2016, Appellant timely and *pro se* filed a petition seeking PCRA relief. Counsel was appointed and filed an amended petition on Appellant's behalf, claiming that trial counsel was ineffective for failure to make a timely motion for mistrial when jurors had difficulty hearing the victims' testimony. The trial court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. The trial court then dismissed Appellant's petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a responsive opinion. In November 2016, this Court consolidated Appellant's appeals.

On appeal, Appellant raises the following question for our review:

Whether the lower court abused its discretion and committed legal error in denying [Appellant's] PCRA petition in that [Appellant] was afforded ineffective assistance of counsel for failing to assert a timely objection to the decision of the court to resume the trial after the jury disclosed that some members of the jury had difficulty hearing the testimony and had not in fact heard the record in its entirety?

Appellant's Brief at 2 (unnecessary capitalization omitted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant contends that counsel provided ineffective assistance for his failure to timely object and make a motion for mistrial where jurors informed the court they had difficulty hearing testimony. *See* Appellant's Brief at 4. Appellant claims that no plausible rationale existed for trial counsel not to have moved for a mistrial, as the jury's failure to hear all of the testimony served as an impediment to a fair trial and undermined confidence in the jury's determination to make a meaningful credibility determination. *Id.* at 6-7. Accordingly, Appellant contends he suffered prejudice as a result. *Id.* at 7.

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. ***Id.*** A claim will be denied if the petitioner fails to meet any one of these requirements. ***Commonwealth v. Springer***, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

With regard to mistrial, "[w]hen an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." ***See*** Pa.R.Crim.P. 605(B). The remedy of a mistrial "is an extreme one, and is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." ***Commonwealth v. Johnson***, 719 A.2d 778, 787 (Pa. Super. 1998) (en banc) (citation omitted).

In situations where the record makes it clear that a juror's hearing impairment was significant enough to prevent a fair and impartial trial, a mistrial is required. *See Commonwealth v. Brown*, 332 A.2d 828, 831-32 (Pa. Super. 1974) (noting that where a juror's deafness is of such a degree as to indicate that the juror may not have heard material testimony the juror must be disqualified). However, where an isolated piece of testimony is not heard by a juror, a new trial is not necessarily mandated as responses may be repeated by witnesses or the court reporter. *See*, *e.g.*, *Commonwealth v. Greiner*, 455 A.2d 164, 166-67 (Pa. Super. 1983) (noting that defendant was prejudiced where juror was unequivocal about his inability to hear some testimony, and where the discovery was made during jury polling).

Here, Appellant's claim has no arguable merit. Appellant cites to no specific law to support his contention that because the jury indicated it had problems hearing some of the testimony, he suffered prejudice *per se*. Unlike in *Greiner*, the hearing issues were discovered on the second day of Appellant's trial and brought to the court's attention. The transcript of the testimony in question reads as follows:

> **THE COURT**: Ladies and gentlemen of the jury, it's been brought to my attention that there was concern by some members of the jury as the ability to hear some of the witnesses. And I know we have had some soft voices so far, but my question to you is have you been able to hear everything that has been testified to so far?
>
> (whereupon, jurors respond negatively.)
>
> **THE COURT**: Okay. No, you haven't?

**UNIDENTIFIED JUROR**: No, several of them.

**THE COURT**: All right.  What witnesses were those?

**UNIDENTIFIED JUROR**: The first young girl that testified, it was very difficult to hear her.

**THE COURT**: Okay.  Well, it was difficult to hear, but could you hear?

**UNIDENTIFIED JUROR**: I heard enough, but I don't know if everyone else did.

**UNIDENTIFIED JUROR**: Not every word, but enough.

**UNIDENTIFIED JUROR**: Difficult.

**THE COURT**: All right.  Correct me if I'm wrong here, what I hear you saying is that you've heard – ideally, you would have been able to hear easier than what you did, it was difficult to hear, but you feel like you have heard enough that you feel that you can fairly and impartially render a credibility determination, am I correct in that?

(Jurors respond affirmatively.)

**THE COURT**: Is there any juror who disagrees with that, who feels that they haven't heard enough that they wouldn't be able to make a credibility determination?

(No response.)

**UNIDENTIFIED JUROR**: Get more through [*sic*].

**THE COURT**: That's my next point is going to be from here on out, we want to make sure that everyone speaks loud enough, but I just want to make sure that at this point in time everybody has heard – sufficiently heard, so that you can render a verdict in this case.

(Whereupon, the jurors respond affirmatively.)

> **THE COURT**: All right.  The record should reflect that the jury has affirmed that.

*See* Notes of Testimony (N.T.), 5/20/14, at 78-79.

Here, the court noted that each juror had represented that they could sufficiently determine they heard enough of the testimony to make a credibility determination.  The inability to hear the testimony was based upon the soft voice of the witness, not upon the jurors' being hard of hearing.  *See*, *e.g.*, *Brown*, 332 A.2d at 831-32.  No juror requested that the testimony be read back by the court reporter; each juror affirmatively responded that they could hear enough of the testimony to make a fair and impartial verdict.[2]  *See*, *e.g.*, *Greiner*, 455 A.2d at 166-67; *Brown*, 332 A.2d at 831-32.  Accordingly, no objection was warranted.

Based on the above, Appellant's claim had no arguable merit, as the trial court had concluded, based on the above colloquy, that the jurors were able to sufficiently hear the testimony.  *See Greiner*, 455 A.2d at 166-67;

_____

[2] The first complainant testified on May 19, 2014.  *See* N.T., 5/19/14, at 27-73.  It was this complainant jurors had difficulty hearing.  *See* N.T., 5/20/14, at 78.  The second complainant testified that same day at length regarding Appellant's abuse, and no juror expressed concerns about hearing her testimony.  *See* N.T., 5/19/14, at 73-112.

As noted above, the jurors indicated they had heard enough to make a fair and impartial verdict, and based upon the evidence introduced, Appellant's claim has no arguable merit.  Further, even in the event that jurors had not heard enough, the transcription of the testimony by the court reporter indicates that this testimony would have been available to jurors if necessary.

**Brown**, 332 A.2d at 831-32; **Springer**, 961 A.2d at 1267. Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2017