9298

SAFREN v. MEYER.

(88 S. E. 3.)

APPEAL AND ERROR. PLEADINGS. EVIDENCE. TRIAL. JURORS. NEW TRIAL.
ARREST. FALSE IMPRISONMENT AND ARREST.

1. APPEAL AND ERROR—PLEADINGS—AMENDMENTS.—The refusal of leave
to file a supplemental answer is not prejudicial to defendant where
the facts sought to be shown thereby are admitted in evidence on the
trial.

2. APPEAL AND ERROR—EVIDENCE—TRIAL.—A party desiring the intro-
duction of evidence excluded by the Court, should state to the Court
why and wherein it is competent, and if it is then ruled out may
except.

3. JURORS.—Defective hearing does not *per se* disqualify one for jury
service.

4. JURORS—NEW TRIAL.—Whether a new trial should be granted because
of a juror's defective hearing is a matter within the discretion of the
trial Judge.

5. ARREST.—A private party in arresting a felon without warrant must
be actuated by a motive to assist in bringing him to justice and not
by an ulterior motive.

Before HON. C. J. RAMAGE, special Judge, Columbia,
December, 1914. Affirmed.

Action by Joseph Safren against J. B. Meyer. From
judgment for plaintiff, defendant appeals. The facts are
stated in the opinion.

The trial Judge, after stating the issues, and reading an
extract from 19 Cyc. 319, on false imprisonment, charged
the jury as follows:

Now, unlawful arrest, gentlemen, is arresting the person
without authority of law. Unlawful imprisonment is
unlawfully detaining him, or keeping him detained without
authority of law. Ordinarily the only person who has any
right to arrest a man is an officer of the law armed with a
warrant, or some other process of Court; ordinarily nobody
else has the right to do that, but the law itself makes one

exception to that, where a man has been guilty of felony; if a man has been guilty of a felony, it is not only the right, but the duty of every man to arrest that man; a man has the right to do it, and the law imposes that duty on him, but he must arrest him with the intention of bringing him to justice, in a Court for that purpose, that must be his sole duty. You catch that idea? A man has no right to detain a man for any other purpose. If a man commits a felony and I know it, it is not only my right, but my duty as a good citizen to arrest him, if I have reasonable information.

Mr. Cobb: Trustworthy information.

The Court: Yes. If I know a man has committed a felony, or if I have trustworthy information to that effect, it is my duty and my right to arrest that man, to take him to Court, that he may be punished for that offense, for the sole purpose of bringing him to justice in the Court of General Sessions, or a magistrate's Court, will have to be by trial by a Court of Sessions, to bring him to trial in the Court, the law has prescribed for that purpose.

I have some requests to charge. Such requests as I refuse, I will not read. I will read those I charge you:

"The defendant respectfully requests the Court to charge the jury:

"1st. That a party has a right to arrest and take before a Judge or a magistrate to be dealt with according to law, without a warrant, a person who has committed a felony, where it is committed in his presence or where he has certain, that is trustworthy, information that the person has committed a felony."

I charge you that. I have already charged that, and charge that again.

"If a party acting as agent for another collects and receives money which he knows belongs to such other person, and converts it to his own use with the purpose of defrauding his principal, he is guilty of breach of trust with

fraudulent intent, and if the amount involved is over $20, the offense is a felony."

I charge you that.

"If the jury find from the evidence, by the greater weight thereof, that the plaintiff, Safren, was guilty of a felony, at the time at which he alleges arrest was made by the defendant, and further find from the evidence, by the greater weight thereof, that the defendant, Meyer, had actual knowledge of the commission of such felony by said plaintiff, or had trustworthy and reliable information that it had been committed, he would have had the right to arrest the said plaintiff and take him to a Judge or magistrate to be dealt with according to law. And if the defendant did no more than this, you will find for the defendant."

I will charge you that with this addition: The sole purpose, motive, must have been to arrest him, to take him to Court of justice that the law of the land might be vindicated; he would not have the right to detain him simply refers to the right to bring the man to justice in a Court of justice, and not simply to collect a debt. The Constitution of the United States does not permit imprisonment for debt except in case of fraud, and things of that kind.

The 4th request I refuse.

5th request. I omit certain words marked here.

"5th. If the jury find from the evidence that the defendant arrested the plaintiff or detained him unlawfully, but that defendant was actuated by no malice and was acting in the honest belief that he had a right to do so, the plaintiff could only recover actual damages and not punitive damages."

You will see the words I have omitted.

"6th. In passing upon the amount of damages plaintiff might recover in such action as this, it is the duty of the jury to take into consideration the facts surrounding the case, as shown by the evidence, tending to show the motives

of the party making the arrest, and the existence of grounds for the arrest."

That is in passing on the amount of damages. You catch that?

"In passing on the amount of damages, plaintiff might recover in such action as this, it is the duty of the jury to take into consideration the facts surrounding the case, as shown by the evidence, tending to show the motives of the party making the arrest, and the existence of grounds for the arrest."

You are the judges of the facts in the case; use your hard sense in determining any case. When a man does that he does not go far wrong; when a man uses his conscientious and good, hard sense in any case, and applies the law to the evidence, and all that, he is not going to make many mistakes.

"7th. The jury will also consider the evidence, if there is any evidence, tending to show that the defendant acted in good faith and without malice."

I have already charged you that.

I refuse the 8th.

"9th. If a party has information of such a nature as to convince a reasonable man that another party has committed an act from which the law presumed a felony, such party has a right to act on such information and arrest without warrant the party who is reported to have committed such act, although, in fact, it may turn out that such act was not committed."

I charge you that, but I modify it by saying he must do that with the intent to bring the party to justice, in a Court of justice; that must be the sole purpose.

It is the duty of the plaintiff to make out his case by the greater weight of the evidence, if he fail to do it, your verdict must be for the defendant. If you find for the plaintiff, say: We find for the plaintiff, so many dollars, writing

it out in words and not figures, and sign your name as fore-
man to it, not above the amount sued for, $10,000.

If you find for the defendant, say: We find for the
defendant. Take the record and find a verdict.

The following are the requests presented by defendant,
which his Honor declined to give:

4th. Where a person who is an agent of another, has
embezzled or fraudulently misapplied the money or prop-
erty of his principal, or has removed or disposed of his
property with intent to defraud his creditors, he may be
arrested in a civil action and held to bail.

Request No. 5 before modification:

5th. If the jury find from the evidence that the defend-
ant arrested the plaintiff or detained him unlawfully, but
that defendant was actuated by no malice and was acting
in the honest belief that he had a right to do so, and did so
simply for the purpose of collecting a debt which was justly
due to him, the plaintiff could only recover actual damages
and not punitive damages.

8th. In passing upon the question of damages, and the
motives of the defendant, the jury are entitled to take into
consideration the facts shown by the record in the case of
*J. B. Meyer* v. *J. Safren,* that the said Safren was indebted
to said Meyer; that the indebtedness arose out of acts and
circumstances which entitled said Meyer to hold him to
arrest and bail; that said action resulted in a verdict and
judgment for the said Meyer against the said Safren, and
that the Court, in passing upon the motion to discharge the
arrest and bail in said action, refused to discharge him.

After the rendition of the verdict, the defendant moved
for a new trial upon the following grounds:

1. That there is no evidence to support the verdict, there
being no evidence of any actual injury or damage to the
plaintiff.

2. That one of the jurors who sat on and passed on the
case was *disqualified* to act because of impediment in his

hearing and because he did not and could not hear the greater part of the testimony and of the charge of the Court as set forth and shown in the affidavits filed herein. This fact only having come to the knowledge of the defendant after the trial, as shown in the affidavits.

*Mr. D. W. Robinson,* for appellant, submits: *Supplemental Pleading.—Any matter which arose after the commencement of the action, if germane to the action, must and can only be set up by a supplemental pleading:* Code of Civ. Proc. 1912, sec. 228; 17 S. C. 127; 48 S. C. 590. *And while the Court has considerable discretion in the granting or refusing of such pleas, where such refusal is put on a ground of law, and is erroneous, it is reviewable by this Court:* 76 S. C. 462. *Mitigation or Justification to Be Pleaded.—Whether we construe the matters here set up as justification, or only as mitigation, it was proper to plead them:* 66 S. C. 138; 24 L. R. A. (N. S.) 895; 5 Enc. Pl. & Pr. 773. *And motion should have been granted:* 100 S. C. 473. *Evidence and Request.—We respectfully submit that under the foregoing authorities, we were entitled not only to the supplemental plea, but we were entitled to have our evidence as to the former suit go to the jury and have them considered under our eighth request, which the Court declined to give. Especially upon the question of damages in a case of this sort, the motives of the party acting are a most material inquiry and every fact showing the motives of the party making the arrest, or showing the existence of the grounds for arrest, are competent in mitigation, even where they are not a legal defense:* 98 U. S. 266; 25 L. Ed. 128; 207 Fed. 222; 124 C. C. A. 504; 12 A. & E. Enc of L. (2d ed.) 780; Jones Ev., sec. 167; 27 Ala. 458; 62 Am. Dec. 773. *Disqualification of juror:* 54 S. C. 142, 145, 146; Thompson & Merriam on Juries, secs. 175, 177; Code, sec. 4047; 2 N. & McC. 79. *Arrest:* Code Civil Proc., sec. 230; 38 S. C. 372; 82 S. C. 439.

*Messrs. Cooper & Cooper* and *W. Hampton Cobb,* for respondent, cite: *As to alleged disqualification of juror:* 54 S. C. 127; 74 S. C. 460; 55 S. C. 90; 65 S. C. 244.

March 2, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against defendant for damages for an alleged false arrest or imprisonment. The answer contains a general denial, and sets up a further defense that the plaintiff, at the time of the alleged arrest, was indebted to the defendant, for goods furnished by defendant to plaintiff under a contract, by which the plaintiff sold the goods on commission and was to account to the defendant for the proceeds thereof, and had not done so, and that the plaintiff had collected a large part of the proceeds from such sales, and was about to take this money away from this State and use it for his own purposes; and the defendant learned of this, and went to see the plaintiff on that day, and upon his refusing to pay, did take hold of him, and asked to have him taken before a magistrate, but upon his agreement to make a settlement turned the plaintiff loose. After this answer was filed, the defendant made a motion before his Honor, Judge Prince, to file a supplemental answer, Judge Prince refused to allow the filing of the supplemental answer, and the defendant filed and served an exception to this order.

The case was tried on December 9, 1914, before Special Judge Ramage and a jury at the December, 1914, term of Court for Richland county, and resulted in a verdict in favor of the plaintiff for $500. After entry of judgment defendant appeals, and alleges error by seven exceptions.

The first exception is to the order of Judge Prince, and the other exceptions complain of error on the part of Special Judge Ramage.

The seventh exception was in conflict with rule 5 of this Court. At the hearing of the case by this Court the defendant was allowed to amend this exception so as to conform to rule 5, and was also allowed to amend his first exception.

As to the first exception, the defendant cannot complain that he was not allowed to file a supplemental answer, as he was not prejudiced thereby as Judge Ramage, when the case was tried, permitted the defendant to bring out in evidence the facts responsive to the allegations of the supplemental answer as appears from the evidence in the record, and allowed the introduction of the record referred to in the supplemental answer, and Judge Ramage allowed the fact that the action was pending between them to come out.

The exceptions nowhere complain of error on the part of his Honor as to the admission or exclusion of any evidence, and if the defendant thought that his Honor was excluding any testimony in reference to this that was material and competent he should have stated why and wherein it was competent, and if ruled out excepted to the Judge's ruling. Having failed to do this defendant cannot now complain that he was not allowed to show certain facts by reason that the evidence was excluded, and we do not see how he has been prejudiced by Judge Prince's order refusing him leave to file a supplemental answer.

The second exception alleges error in not granting a new trial on the ground that one of the jurors, Walter Coward, was defective in hearing and therefore disqualified to sit as such, and that the Court erred in not having the said juror brought before him in open Court for examination. The juror was not disqualified under the Constitution and laws. He was not shown to be disqualified. At best it can only be said that he had the misfortune to be defective in hearing, this affliction does not *per se* disqualify him, it was the duty of the parties, plaintiff and

defendant, before trial to exercise diligence, and it is a matter of common knowledge that most lawyers are very alert in canvassing in a proper way before selection the qualifications of ability and character of jurors.

Whether or not a new trial should have been granted on the showing made was a matter purely within the discretion of his Honor, and it was exclusively for his Honor to determine in what manner he would investigate the charge made that juror was deaf, either by examining the juror himself or by affidavit. If the juror had been in Court no doubt his Honor would have examined him, but to suspend the business of the Court and send for the juror might have, in his Honor's opinion, been wasting valuable time on a matter of not sufficient importance to do so, and from the showing made his Honor found that he was not deaf to such an extent as to warrant him in setting aside the verdict.

We find no erroneous exercise of discretion on the part of his Honor, and see no reason to disturb his finding.

The other exceptions complain of error on the part of his Honor in not charging defendant's request to charge in reference to the right of arrest without warrant, and that the defendant was entitled to show that the matters alleged in the supplemental answer and record in civil suit were in mitigation and justification.

Taking the Judge's charge as a whole it will be found that he in effect charged the law embodied in the appellant's requests, he charged what was necessary in relation to the rights and duties of a private citizen to arrest when a felony had been committed, and he correctly charged the law when he said that one making the arrest must be actuated by good motives with one view and that of assisting in bringing to justice a felon, who had violated the law, and that he did not have an ulterior motive.

He charged all of the law necessary to the determination of the case, the jury were charged that they should take into

consideration all of the surrounding circumstances as shown by the evidence.

We find no errors of law upon the part of his Honor as complained of by the exceptions.

All exceptions are overruled.    Judgment affirmed.