Commonwealth *v.* Brown, Appellant.

432

Argued September 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Arthur R. Sagoskin,* Assistant Public Defender, for appellant.

*Martin J. King,* Deputy District Attorney, with him *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

On March 27, 1973, after a jury trial, appellant was found guilty of burglary, aggravated robbery, larceny, wantonly pointing a firearm, carrying a firearm without a license, carrying a concealed deadly weapon, committing a crime of violence while in possession of a firearm, all related to the robbery of a food store in Bucks County. At the conclusion of the trial, after the jury had returned a verdict of guilty, defense counsel requested a poll of the jury. When juror seven was asked his verdict, he responded "not guilty" twice.[1]

---

[1] The following exchange took place at the conclusion of the trial on March 27, 1973: "THE COURT: Samuel Bender. JUROR SAMUEL BENDER (No. 7): Not guilty. THE COURT: Your response? JUROR SAMUEL BENDER: (No. 7): (Pause) THE COURT: Samuel Bender, you are being asked if you agree with the verdict as given by your foreman. JUROR SAMUEL BENDER (No. 7): Yes, sir. THE COURT: Say 'guilty' if you do agree. JUROR SAMUEL BENDER (No. 7): I agree with him. THE COURT: Your verdict is guilty then? Is that correct? JUROR SAMUEL BENDER: (No. 7): Yes, not guilty. THE COURT: Just a moment. JUROR KATHLEEN RUTLEDGE (No. 8): He doesn't understand. THE COURT: Juror number 7, Samuel Bender, can you hear me? JUROR SAMUEL BENDER: (No. 7): Slight-

Immediately after the remaining jurors were polled, defense counsel requested a mistrial based on juror seven's responses. The motion was denied, but defense counsel's further voir dire of juror seven was granted.[2]

ly. THE COURT: Can you hear me now? (The Court moving closer to the jury) JUROR SAMUEL BENDER: (No. 7): Yes. THE COURT: Your foreman, Mr. Comerford, on behalf of the entire jury returned a verdict of guilty as to all the counts. Do you agree? JUROR SAMUEL BENDER: (No. 7): Right. THE COURT: You do agree? JUROR SAMUEL BENDER (No. 7): Yes. THE COURT: I will interpret that to mean 'guilty.'" [NT 154-55]

[2] Juror seven was returned to the court room and questioned by the trial judge and defense counsel: "THE COURT: Mr. Bender, relax, if you can. Can you hear me? JUROR SAMUEL BENDER (No. 7): I can't hear you right. THE COURT: Did you hear the evidence in this case? Did you hear the witnesses? JUROR SAMUEL BENDER (No. 7): Yes, sir. THE COURT: On the basis of the evidence you heard and after discussion with your fellow jurors, did you arrive at a verdict yourself as to the guilt or innocence of this man? JUROR SAMUEL BENDER (No. 7): I agree. THE COURT: What was your verdict—your personal verdict? JUROR SAMUEL BENDER (No. 7): I said guilty. THE COURT: Thank you. Come forward if you have any questions, Mr. Link. MR. LINK: Mr. Bender, can you hear me? JUROR SAMUEL BENDER (No. 7): Pardon? I didn't hear all that. THE COURT: No tricks, Mr. Link. Come forward and ask your questions. MR. LINK: Mr. Bender, can you hear me from this position? JUROR SAMUEL BENDER (No. 7): Yes. MR. LINK: Did you hear all of the testimony in the case? JUROR SAMUEL BENDER (No. 7): Most of it. MR. LINK: You heard most of the testimony? You heard part of it; you did not hear it all? JUROR SAMUEL BENDER (No. 7): (Pause) MR. LINK: There were parts of the testimony you did not hear? JUROR SAMUEL BENDER (No. 7): I heard practically everything. I think I heard everything. THE COURT: All right, I will call an end to these proceedings." [NT 159-61]

In order to more fully detail the circumstances in the court room, affidavits were taken from three attorneys present. The affidavits stated that the trial judge, while questioning juror seven, moved to the part of the bench closest to the witness box and raised his voice. The affidavits were introduced and accepted by the trial judge during arguments on the post-trial motions.

During both periods of questioning of the juror, he indicated that he had difficulty hearing.

In this appeal, appellant contends that the hearing difficulties of the juror, discovered only upon the polling of the jury following the verdict, denied him a fair, impartial, and competent jury, resulting in less than a unanimous verdict as guaranteed by the Fourteenth and Sixth Amendments to the United States Constitution and Article 1, Section 9, of the Pennsylvania Constitution. We agree with appellant's contention, and, therefore, reverse and remand for a new trial.[3]

The right to an "impartial" jury is guaranteed by the Pennsylvania Constitution[4] and the Sixth Amendment of the United States Constitution[5] applied to the states through the Due Process Clause of the Fourteenth Amendment. Thus, the minimal standard of constitutional due process guarantees to the criminally accused a fair trial by a panel of impartial and "indifferent" jurors. See *Witherspoon v. Illinois,* 391 U. S. 510 (1968); *Irvin v. Dowd,* 366 U.S. 717 (1961). "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136 (1955). See also *Commonwealth v. Cornitcher,* 447 Pa. 539, 291 A.2d 521 (1972).

Fundamental to the right of an "impartial" jury is the necessity that participating jurors be competent and qualified. By statute, Pennsylvania requires that

[3] As a result of the disposition of this issue, we do not reach other issues raised by appellant.

[4] Article 1, Section 9, of the Constitution of the Commonwealth of Pennsylvania states in part: "In all criminal prosecutions the accused hath a right to . . . a speedy public trial by an impartial jury . . . ."

[5] The Sixth Amendment to the Constitution of the United States guarantees that: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."

only "sober, intelligent and judicious persons," Act of April 10, 1867, P. L. 62, §2 (17 P.S. §942), and persons "able to understand the English language," Act of May 11, 1973, No. 12, §1 (17 P.S. §1333), be eligible as jurors. Implicit in these requirements is that a juror should be free from such physical infirmities as will interfere with or preclude the proper discharge of his duties. See 47 Am. Jur. *Jury* §108 (1969) ; A.B.A. Project on Standards for Criminal Justice, *Standards Relating to Trial by Jury* §2.1 (b) (ii). (Approved Draft 1968).

The appellant is entitled to a jury verdict arrived at by each and all of the jurors upon the evidence introduced. *Commonwealth v. Fugmann,* 330 Pa. 4, 198 A. 99 (1938). See Pa.R.Crim.P. 1120(b) ("verdict shall be unanimous"). The presence of a juror with a physical impairment of such magnitude as to interfere with the juror's ability to hear and understand the presented testimony and evidence precludes a verdict by all jurors. Such a disability would render the juror incompetent to serve and would deny appellant's right to an impartial jury and a fair hearing. While a juror is not disqualified per se because of his deafness, *Safran v. Meyer,* 103 S. C. 356, 88 S. E. 3 (1916), where the deafness is of such degree as to indicate that the juror may have not heard material testimony, the juror must be disqualified, rendering any verdict he gave as meaningless.

In the instant appeal, we find that the record indicates that the juror in question had a hearing impairment so great as to deny appellant a fair, impartial trial and a unanimous verdict.[6] We recognize that it

---

[6] The Commonwealth contends that the failure by appellant to raise an objection to the juror's deafness until after the verdict waives the right to such an objection. See *Lindsey v. State,* 189 Tenn. 355, 225 S.W. 2d 533 (1949) (defendant, aware of the juror's

is quite difficult to determine the amount of prejudice suffered by the appellant because of the juror's hear-

partial deafness before the verdict, waived objections); *State v. Parsons*, 285 S.W. 412 (Mo. 1926) (defendant waived objection by failing to question juror on voir dire as to his ability to hear); Annot., 15 ALR 2d 534 (1951) (annotation collects cases concerning the deafness of a juror as grounds for securing a new trial); 47 Am. Jur. *Jury* §109 (1969). *Cf. Commonwealth v. Aljoe*, 420 Pa. 198, 216 A.2d 50 (1966) (cases cited therein).

In Pennsylvania, the cases concerning waiver of objections to juror's qualifications have centered upon the disqualification of jurors due to bias, prejudice or fixed opinions. See, e.g., *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A.2d 521 (1972) (cases cited therein); *Commonwealth v. Aljoe, supra.* In cases concerning the physical impairment of jurors, the Pennsylvania courts have been silent. However, in determining that appellant has not waived his objection to the deaf juror in this appeal, even though raised after the verdict, we are guided by the reasoning of a Texas court: "[T]here is a distinction between a legal disqualification of a juror and a physical disqualification, or one due to a physical defect. Obviously a juror whose vision or hearing is so defective that he cannot hear material testimony, or see the conduct of the witness on the stand, cannot as an impartial juror pass upon the credibility of the witness or the weight to be given his testimony, nor render a fair and impartial verdict solely on the evidence. And, if said juror's disqualification is not discovered prior to the verdict, through no negligence of the complaining party, it is likewise obvious that injury to his rights may result; and whether the matter of public policy in refusing to consider such disqualification after a verdict has been reached should outweigh an injury done a litigant because of such disqualification may be open to doubt." *Black v. Continental Casualty Co.*, 9 S.W. 2d 743, 744 (Tex. Civ. App. 1928).

In the instant appeal, there appears to have been no negligence on the part of the appellant in discussing the hearing impairment of the juror, in light of the statement by the trial court that "I [trial judge] was not aware and I do not think you [defense counsel] were aware of any hearing difficulty that Mr. Becker had." [NT 158] See *Commonwealth v. Aljoe*, 420 Pa. 198, 206, 216 A.2d 50, 55 (1966), citing *Traviss v. Commonwealth*, 106 Pa. 597, 607 (1884) ("[the] waiver may be relieved against when the party affected has been intentionally misled or deceived by the juror").

438

ing difficulties. However, the record substantiates that the juror had difficulty in hearing. He admitted inability to hear questions and his responses were inconclusive as to whether he had heard all the testimony. Thus, we are confronted with a situation where, in order to insure fairness and to alleviate any possibility of prejudice caused by the deaf juror, we must assume prejudice for the sake of insured fairness. *Cf. Commonwealth v. Stewart,* 449 Pa. 50, 56, 295 A.2d 303, 306 (1972) (even the possibility of jury prejudice requires reversal, because of the possibility of an infringement on the accused's right to due process of law) ; *Sheppard v. Maxwell,* 384 U.S. 333 (1966) ; *Turner v. Louisiana,* 379 U.S. 466 (1965). We, therefore, reverse the judgment of sentence of the lower court and remand for a new trial.