456 A.2d 1063

**COMMONWEALTH of Pennsylvania**

**v.**

**Alphonso GOLSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 18, 1982.

Filed Feb. 18, 1983.

534

Richard J. Hodgson, Norristown, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

JOHNSON, Judge:

Appellant was found guilty of Robbery[1] and Criminal Conspiracy[2] on October 28, 1976. Following a denial of post-trial motions, he was sentenced to eight to twenty years incarceration. On direct appeal[3] to this court, the case was remanded to the trial court for a hearing concerning Pa.R.Crim.P., Rule 1100. Following said hearing, the trial court reaffirmed judgment of sentence and on a second appeal, this court affirmed.[4] A Post Conviction Hearing Act (PCHA)[5] Petition was filed, and dismissed on June 16, 1981 by the trial court. This appeal follows.

Appellant urges on appeal that trial counsel was ineffective in failing to demand a mistrial: (1) following alleged prosecutorial misconduct during cross-examination of a defense witness, and (2) upon discovering that a juror had not heard some of the testimony presented. Because of our determination that counsel was indeed ineffective with respect to the latter issue, we need not discuss the former.

During the course of the appellant's trial, it came to the attention of the trial judge that one of the jurors had not heard the testimony of all of the Commonwealth witnesses. At that time, the following exchange took place:

THE COURT: "Before we swear this witness, (To Juror Number One) Mrs. Creighton, you have followed that which has been going on in this case; have you not?

1. 18 Pa.C.S.A. § 3701.

2. *Id.* § 903.

3. *Commonwealth v. Golson,* 263 Pa.Super. 143, 397 A.2d 441 (1979).

4. *Commonwealth v. Golson,* 287 Pa.Super. 555, 427 A.2d 264 (1980).

5. 19 P.S. § 1180–1 *et seq.* (Purdon's Pamphlet 1982).

MRS. CREIGHTON: Not everything.

THE COURT: Of any of the witnesses?

MRS. CREIGHTON: Most of what the witnesses said, yes. This girl was very good; I understood everything she said.

THE COURT: All right, keep your voice up, Mr. Miller."

(N.T. Page 84)

Subsequent to the above dialogue no motion for mistrial was made by defense counsel, and the direct testimony of the Commonwealth witnesses continued.

██ To examine a claim of ineffectiveness a two-step analysis is used:

> The Court must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). If the underlying issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis aimed at promoting his client's interests. *Commonwealth v. Evans*, 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Sherard, supra:*

*Commonwealth v. Jennings*, 285 Pa.Super. 295, 298–9, 427 A.2d 231, 232 (1981).

The first step in the analysis is whether the underlying issue is found to be of arguable merit.

██ Fundamental to the right of an "impartial" jury is the necessity that participating jurors be competent and qualified. *Commonwealth v. Brown*, 231 Pa.Super. 431, 332 A.2d 828 (1974).

> Implicit in these requirements is that a juror should be free from such physical infirmities as will interfere with or preclude the proper discharge of his duties. See 47 Am.Jur. Jury § 108 (1969); A.B.A. Project on Standards for Criminal Justice, Standards Relating to Trial by Jury § 2.1(b)(ii) (Approved Draft 1968).

*Commonwealth v. Brown*, 231 Pa.Super. at 436, 332 A.2d at 831.

■ Clearly, appellant was entitled to a jury verdict arrived at by each and all jurors upon the evidence introduced. *Commonwealth v. Fugmann,* 330 Pa. 4, 198 A. 99 (1938); *Commonwealth v. Brown. supra;* see also Pa.R.Crim.P., Rule 1120(b) ([t]he verdict shall be unanimous...).

■ A juror is not disqualified *per se* because of deafness; however, where the deafness is of such degree as to indicate that the juror *may* not have heard material testimony, that juror must be disqualified. *Commonwealth v. Brown,* 231 Pa.Super. at 436, 332 A.2d at 831 (emphasis added); *see also, Commonwealth v. Greiner,* 309 Pa.Super. 291, 455 A.2d 164 (1983).

■ The opinion of the trial court and appellant in his brief have made reference to the *Brown* decision.[6] The facts in *Brown* differ only to the extent to which the juror was questioned concerning his hearing impairment. In the instant case, the record is inconclusive as to the severity of the juror's impairment. However, the juror clearly indicated that she had not followed everything.

[I]n order to insure fairness and to alleviate any possibility of prejudice caused by the deaf juror, we must assume prejudice for the sake of insured fairness. Cf. *Commonwealth v. Stewart,* 449 Pa. 50, 56, 295 A.2d 303, 306 (1972) (even the possibility of jury prejudice requires reversal, because of the possibility of an infringement on the accused's right to due process of law); *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Turner v. Louisiana,* 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965).

*Commonwealth v. Brown,* 231 Pa.Super. at 438, 332 A.2d at 832.

---

**6.** The trial court correctly read the holding in *Brown.* However, it misperceived the applicability of the holding to the facts in the instant case. The trial court in its opinion stated that "there is no evidence on the record indicating that the juror was so physically impaired as to be unable to hear and understand the testimony presented." Although the juror indicated that she heard most of the testimony of Commonwealth's witnesses, she herself stated she did not hear everything. The appellant, in his brief, stated that *Brown* is controlling on the instant facts.

■ The second step of the analysis is whether there was a reasonable basis for counsel not moving for a mistrial. The record in the instant case does not include a PCHA hearing transcript. The only mention of such a hearing is made in the trial court's opinion. Proper appellate review in the instant case requires a transcript of the PCHA hearing in order for full and adequate determination of the issues. If the record is insufficient to permit the superior court to discern the particular basis for counsel's decision on any matters challenged as ineffective on later appeal by the defendant, the superior court must vacate the judgment of sentence and remand for an evidentiary hearing in the lower court. *See Commonwealth v. Stoner*, 284 Pa.Super. 364, 371, 425 A.2d 1145, 1149 (1981).

The issue underlying the charge of ineffective assistance is of arguable merit. We lack a proper record and are therefore unable to determine whether defense counsel had any reasonable basis for failing to make a motion for a mistrial.

Accordingly, the order is vacated and remanded for evidentiary hearing. Jurisdiction is not retained.