**STATE of Missouri, Respondent,**

**v.**

**Wallace SPIVEY, Appellant.**

**No. 67248.**

Supreme Court of Missouri,
En Banc.

Nov. 21, 1985.

Rehearing Denied Dec. 17, 1985.

---

Kathryn Shubik, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

BLACKMAR, Judge.

The defendant, a pre-lingually deaf person, was found guilty of capital murder of another pre-lingually deaf person, and was sentenced to life imprisonment without possibility of probation or parole for fifty years. He appealed to the Court of Appeals, Eastern District, alleging five points of error. His first point reads as follows:

> The trial court erred when it denied appellant's motion to quash the indictment and when it denied appellant's motion for new trial because the motion correctly identified Section 494.020(2) R.S.Mo. (1978) as excluding the cognizable group of handicapped persons, specifically deaf, mute, deaf-mute, and blind persons, from inclusion in the jury pool from which the jury commissioners draw the petit jurors in the City of St. Louis, thereby denying appellant his constitutionally guaranteed right to trial by a jury composed of a representational cross section of the community.

The Court of Appeals concluded that the defendant in his brief challenged the constitutionality of § 494.020, subd. 1(2), RSMo 1978, and that jurisdiction of the case was in this Court rather than in the Court of Appeals.

Section 494.020, subd. 1(2), RSMo 1978, reads as follows:

1. Of interest is § 546.032(1), RSMo Supp.1984, defining "deaf person" as follows:
   (1) "Deaf person", a person who, because of a hearing impairment, cannot readily understand an oral or written language or who cannot readily communicate in an oral or written language.

> The following persons shall be ineligible to serve as a juror, either grand or petit:
>
> \*   \*   \*   \*   \*   \*
>
> (2) Any person who is unable to read, write, speak and understand the English language;
>
> \*   \*   \*   \*   \*   \*

The defendant claims that, acting under authority of this statute, the jury commissioner of the City of St. Louis excludes all persons known to him to be substantially deaf from the jury wheel, and that this exclusion constitutes an unconstitutional discrimination. Although the precise constitutional provisions relied on are not set out, such cases as *Smith v. Texas*, 311 U.S. 128, 61 S.Ct. 164, 85 L.Ed. 84 (1940), involving racial discrimination, and *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), dealing with sex discrimination, are cited for the proposition that the Sixth Amendment guarantee of trial by jury connotes trial by a jury selected from a fair cross section of the community. We agree that this guarantee is made applicable to the states by the Fourteenth Amendment, and that Art. I, Sec. 22(a), of the Missouri Constitution embodies similar guarantees.

The state argues that the defendant has failed in his burden of showing that there has been any systematic exclusion of deaf persons from the jury wheel. One who challenges the jury which is sworn to try him has a substantial burden of establishing the facts essential to sustain his challenge. *State v. Bynum*, 680 S.W.2d 156, 160 (Mo. banc 1984). Here, however, we shall assume that the claim of automatic exclusion of deaf persons is established.[1] We are persuaded that this claim, if true, shows no constitutional violation.

The cross section requirement is not absolute. *Duren, supra* 439 U.S. at 364, 99 S.Ct. at 668, sets forth the test for

prima facie violation. Other cases have expanded on these requirements. Thus, *United States v. Guzman*, 337 F.Supp. 140 (S.D.N.Y.1972), *aff'd*, 468 F.2d 1245 (2d Cir. 1972), cited by us with approval in *State v. Williams*, 659 S.W.2d 778, 780 (Mo. banc 1981), spoke of "... a basic similarity in attitudes or ideas or experience which is present in members of the group and which cannot be adequately represented if the group is excluded from the jury selection process...." We doubt that deaf persons have a community of attitudes or ideas. The misfortune of deafness, rather, exists in all segments of the community. Nor are we persuaded that "exclusion of the group will result in partiality or bias on the part of juries hearing cases in which group members are involved." This case is an unusual one in which a deaf person is charged with murdering another deaf person, and so the incidence of any possible bias is problematical, but, be that as it may, we perceive no reason why deaf litigants could not expect a fair trial from juries from which deaf persons are excluded.[2]

Respectable authority holds that cross section requirements are applied less strictly when manifest convenience, or the public interest, shows reason for deviation. *Williams, supra* at 781, sustains our statutory exclusion of lawyers from juries, on the ground that lawyers might usurp the court's function of instructing the jury, or might have undue impact on the other jurors. *United States v. Lewis*, 504 F.2d 92 (6th Cir.1974), *cert. denied*, 421 U.S. 975, 95 S.Ct. 1974, 44 L.Ed.2d 466 (1975), found no constitutional violation in the practice, common in large federal districts, of not calling persons living a substantial distance from the place of holding court for jury service.

Perhaps closest to the present situation is *United States v. Benmuhar*, 658 F.2d 14 (1st Cir.1981), *cert. denied*, 457 U.S. 1117, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982), holding that the United States District Court in Puerto Rico was not obliged to include on juries persons who could not comprehend English. The exclusion necessarily applied to a substantial segment of the population, with arguably distinct interests, but the court found that this circumstance was outweighed by the public interest. It pointed to problems such as necessary translation of all testimony, instructions, and argument, requirement of bilingual judges and attorneys, and difficulty in preparation of the record.

■ The problems inherent in having profoundly deaf jurors are eloquently discussed in *Eckstein v. Kirby*, 452 F.Supp. 1235 (E.D.Ark.1978), which was a suit brought by a deaf person seeking the privilege of jury service. The profoundly deaf juror may comprehend oral communication only by lip reading, or through sign language. Sign language requires an interpreter, who would have to be present during jury deliberation. Whatever method is used, there is no assurance that the trial proceedings or jury discussion would be fully communicated to the deaf juror. Matters of inflection and intonation would be entirely lost. It might be argued that a trial in which one or more jurors cannot hear the proceedings is less than fair. We conclude that inclusion of deaf jurors is not a constitutional requirement.

Our position is supported by *Commonwealth v. Brown*, 231 Pa.Super. 431, 332 A.2d 828 (1974); *Black v. Continental Casualty Co.*, 9 S.W.2d 743 (Tex.Civ.App. 1928) and *Sanne v. Texas*, 609 S.W.2d 762, 770 (Tex.Crim.App.1980). *See also Lewinson v. Crews*, 28 A.D.2d 111, 282 N.Y.S.2d 83 (1967), *aff'd.* 21 N.Y.2d 898, 289 N.Y.S.2d 619, 236 N.E.2d 853 (1968), *appeal dismissed*, 393 U.S. 13, 89 S.Ct. 46, 21 L.Ed.2d 12 (1968), holding that blind persons were properly disqualified from jury service.[3]

---

**2.** A defendant does not have to be a member of a class which has been subjected to invidious discrimination in jury service, in order to raise the question of constitutional error. *Duren v.*

*Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

**3.** The defendant's brief mentions similar discrimination against blind persons, but evidence

We sympathize with the desire of deaf persons to participate in the mainstream of American life. We simply recognize the problems of their serving on juries, and hold that their exclusion, if established, does not violate the constitutional rights of a defendant.

Oral argument in this Court was confined to the issue of constitutional validity noted by the Court of Appeals. The record is lengthy. We conclude that the remaining points should be subject to further argument, which can most appropriately be had in the Court of Appeals. We therefore, in the exercise of the discretion conferred on us by Art. V, Sec. 10, of the Missouri Constitution, advise the Court of Appeals that the defendant's Point I demonstrates no ground for reversal and retransfer the case for its consideration of the remaining points.

HIGGINS, C.J., BILLINGS, DONNELLY, WELLIVER and RENDLEN, JJ., and PREWITT, Special Judge, concur.

ROBERTSON, J., not sitting.

of exclusion of the blind was not developed and there is no foundation for asserting constitutional error.