SHARP BROTHERS CONTRACTING COMPANY, et al., Plaintiffs/Respondents, Cross-Appellants,

v.

AMERICAN HOIST & DERRICK COMPANY, Defendant/Appellant, Respondent.

Nos. WD 35484, WD 35517.

Missouri Court of Appeals, Western District.

Aug. 12, 1986.

Gordon N. Myerson, Gordon N. Myerson, P.C., J. David Bowers, Morris, Larson, King & Stamper, Kansas City, for Sharp Bros.

Jeffrey J. Kalinowski, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for American Hoist & Derrick.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

CLARK, Judge.

Sharp Brothers Contracting Company and Donald E. Sharp recovered a judgment for $631,000 against American Hoist and Derrick Company for damages to a crane purchased from American by Donald Sharp and in use under lease by Sharp Brothers. The petition pleaded three alternative theories, warranty, strict liability and specific negligence. The trial court on motion by American dismissed the warranty and negligence counts and the jury returned its verdict for plaintiffs on the strict liability, defective product count.

American took an appeal to this court from the judgment and the Sharps filed a cross-appeal from the order dismissing the two alternate petition counts. The judgment was affirmed here, with modification of amount, rendering the cross-appeal moot. The Supreme Court of Missouri took transfer and reversed holding that the theory of strict liability, § 402A Restatement (Second) of Torts, is not available on a claim for a defective product if the only damage sustained is to the product itself. *Sharp Brothers v. American Hoist & Derrick Co.*, 703 S.W.2d 901 (Mo. banc 1986).

The consideration of the case by the Supreme Court did not include the issues on the cross-appeal which became relevant once it was decided that plaintiff could not sustain its recovery had on the theory under which the case was submitted. Relying on *State v. Spivey*, 700 S.W.2d 812 (Mo. banc 1985) and Art. V, § 1 of the Missouri Constitution, the Supreme Court retransferred the case here for decision on the cross-appeal.

Cross-appellants Sharp now contend, in effect, that they should be permitted to retry their case on a count or counts of the original petition, which assertion requires a determination of whether the trial court erred in striking those counts. The issues have been rebriefed in light of the disposition made in the Supreme Court and the recasting of the cross-appeal from its for-

mer posture as an essentially defensive measure. From this rebriefing and the development of the case, it appears that no serious claim of validity remains as to the warranty count. The crane was covered by express warranties to the exclusion of other product guarantees and the warranty term had clearly expired when the calamity occurred.

It follows, then, that the only basis remaining for plaintiffs to assert a claim against American lies in the third count of the petition which pleaded specific negligence. The trial court dismissed that count as failing to state a claim on which relief could be granted. The issue to be decided is whether, under the facts of the case and the law governing a motion to dismiss on the pleadings, the trial court erred in ordering dismissal.

It has been established without contest that the crane in question was in use by Sharp on a construction project when the bolts securing and balancing a 135,000 pound counterweight failed permitting the counterweight to collapse forward. As the counterweight fell, it crushed the cab structure, caused the 200 foot crane boom to fall to the ground and created damage to the machine beyond repair.

In addition to the foregoing general allegations, plaintiffs' petition Count III alleged that the bolts and supporting structures of the crane were of insufficient strength to hold and retain the counterweight in place and also alleged in particular as follows:

"That defendant was further negligent and careless in designing and making recommendations to modify the method of attachment of the counterweight to the crane and in negligently directing the modification to the crane, purportedly strengthening the supporting structures of the counterweight over and above that as originally manufactured."

The Count III claim is placed in clearer focus by the addition of facts gleaned from

the transcript of the first trial.[1] At some time at or prior to November, 1979, Sharp had encountered problems with the crane. In particular, cracks had developed in the rear portion of the machinery deck where the counterweight is located. American dispatched its chief engineer of mobile crane applications and a mechanic to the job site to ·check out the problem. The petition is taken to allege that modification or repair to the crane was undertaken at the recommendation of the American employees, that their conduct in this respect was negligent and in consequence, the damage to the crane resulted.

The foregoing analysis of plaintiffs' petition Count III is, of course, that most favorable to the plaintiffs, giving also to the plaintiffs the benefit of all favorable inferences. Such is in accord with the standards of review set out in *Burckhardt v. General American Life Insurance Co.,* 534 S.W.2d 57, 63 (Mo.App.1975). Omitting citations, the opinion describes the standards to be: The petition must be construed liberally and favorably to the plaintiff giving it the benefit of all inferences fairly deducible from the facts stated; the facts alleged in the petition are assumed to be true; all pleadings are to be construed so as to do substantial justice; if the pleaded facts and inferences viewed most favorably from the plaintiff's side of the case show any ground for relief, the petition should not be dismissed.

The order of the trial court dismissing Count III recited that the ground for dismissal was the bar of the statute of limitations, § 400.2–725, RSMo. 1978. This statute imposes a limit of four years in which to bring an action for breach of contract unless the parties have restricted the period to a shorter time. Although the cited statute would constitute a basis for the trial court's order dismissing the petition

Count I which was based on warranty, there is no immediately apparent applicability of the statute to a cause of action pleading negligence.[2] Thus, the dismissal must have been in error unless the opinion by the Supreme Court, which held no cause of action under strict liability was available, may have foreclosed all avenues of tort claims to these plaintiffs. This requires an analysis of the basis for the decision which denied plaintiffs a recovery under strict liability, § 402A.

The principle of strict liability as a ground for recovery of damages in the case of a defective product was adopted in Missouri in *Keener v. Dayton Electric Manufacturing Co.,* 445 S.W.2d 362 (Mo.1969). The doctrine is one of tort law which releases the claimant from the shackles of warranty language. *Keener* at 364. The concept of strict liability for defective products does not involve pleading or proof of actual negligence because liability is imposed even though: " * * * the seller has exercised all possible care in the preparation and sale of his product * * *." Restatement (Second) of Torts, § 402A (2)(a). Strict liability, although constituting a cause of action in tort, is in reality a doctrine associated with the relation of contract. It gives to the injured party a cause of action unburdened by the necessity to prove actual negligence otherwise essential in a tort claim. It also removes the defenses of contract privity and contracted immunity. In a particular fact situation, strict liability may be the most advantageous approach in terms of the plaintiff's burden to make a case, but it is not necessarily the only theory on which recovery may be had.

The decision by the Supreme Court to deny plaintiffs here the benefit of § 402A strict liability has as its conse-

---

1. The testimony alluded to at this point, although not covering any facts in actual dispute, is not taken as evidence supporting plaintiffs' claim on the merits. It is only described to clarify what the petition purports to claim.

2. The action by the trial court in dismissing Count III but at the same time submitting the

case for recovery under Count II is inherently inconsistent even if the cause is not sustainable on a theory applying a contract statute of limitations. Both Count II and Count III pleaded a tort theory distinguishable only by reliance on strict liability in one and on specific negligence in the other.

quence the reimposition on plaintiffs' suit of the burdens of proof and defenses which prevail in cases outside the scope of § 402A. It does not necessarily follow that plaintiffs cannot state a cause of action under another theory, the only questions being whether a viable cause of action other than strict liability has been pleaded and whether defenses at law may bar the claim.

As was earlier noted, Count I of the petition was based on warranty. Under strict liability, the expiration of the warranty term is irrelevant. Once it is determined, however, that strict liability is not applicable, the defense of lapse of the warranty period and expiration of the statute of limitations reappears. There is no issue under the facts here that the warranty on the original purchase of the crane and the four year statute of limitations had passed before suit was filed. American therefore has an absolute defense and that count was properly dismissed.

Count III of plaintiffs' petition analyzed above would, to the extent it attempted to plead actual negligence by American *in the design and construction of the crane,* be barred on the same theory as Count II because in cases where only economic loss to the product sold is involved, the plaintiff is limited to remedies available under warranty provisions. *Wilbur Waggoner Equipment & Excavating Co. v. Clark Equipment Co.,* 668 S.W.2d 601, 602 (Mo.App.1984). The pleading in Count III does allege defective manufacture and design, but it goes further. It alleges that at a date which was apparently less than one year before the accident, American undertook to devise, recommend and direct modifications to the crane intended to correct the apparent problem with the counterweight, and that American did so negligently and carelessly.

There is no suggestion that a cause of action based on this later conduct by American was barred by any statute of limitations in fact. Whether the claim be in tort, as we have assumed, or in contract, the suit was timely filed as measured by the date when the repairs and modification were undertaken. The decision as to the Count II strict liability claim is no bar because the Count III allegations relate to other conduct and will depend on actual proof of negligence or lack of care.

For the reasons discussed, we conclude the trial court erred in dismissing Count III of plaintiffs' petition in that the claims there asserted for negligent repair of the crane are not barred by a statute of limitations, particularly § 400.2–725, RSMo.1978. In so holding, we do not pass on the general merits of the claim, the relationship of the negligent repairs, if any, to the ultimate loss or the amount of damages. The decision is only that Count III of the petition contained sufficient allegations to survive the motion to dismiss as filed.

The judgment dismissing plaintiffs' petition Count I is affirmed. The judgment dismissing plaintiffs' petition Count III is reversed. The case is remanded for further proceedings on plaintiffs' petition.

All concur.