J-S44017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE HODGES | |
| Appellant | No. 1746 WDA 2014 |

Appeal from the Judgment of Sentence September 29, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002482-2012
CP-25-CR-0002490-2012

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

CONCURRING STATEMENT BY LAZARUS, J.:  **FILED SEPTEMBER 24, 2015**

I concur in the result.  However, in my opinion, the majority's focus on whether Hodges' motion for a mistrial was untimely and resulted in waiver is misplaced.

Pursuant to Pennsylvania Rule of Criminal Procedure 605, "[w]hen an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed. Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa. R. Crim. P. 605(B).  Indeed, the remedy of a mistrial "is an extreme one, and is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. ***Commonwealth v. Johnson***, 719 A.2d 778, 787 (Pa. Super. 1998) (en banc) (citation omitted).

Whether the jury could adequately hear the testimony of a complaining witness gives rise to a question regarding whether Hodges was denied a fair and impartial trial, with a unanimous verdict. *See Commonwealth v. Brown*, 332 A.2d 828, 831-32 (Pa. Super. 1974) (where juror's responses were inconclusive regarding whether he heard all testimony, hearing impairment was significant enough to prevent fair, impartial trial and mistrial was required). Thus, instantly, the trial court was obligated to consider whether the jury could render a fair verdict. Had the trial court determined that the jury's inability to hear testimony operated to deny Hodges a fair tribunal, the trial court would have been required to declare a mistrial *sua sponte*. *Johnson*, *supra*.

Ultimately, in my view, defense counsel's delay in requesting a mistrial should not be dispositive regarding whether the trial court appropriately refused to grant a mistrial since it was the trial court's obligation to ensure a fair tribunal. However, as the record in this matter does not indicate clear error on which to reverse the trial court for failure to order a mistrial *sua sponte*, I concur in the majority's result.